FILED
SUPERIOR COURT
OF GUAM

2021 JAN 13 PM 3: 16

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | Criminal Case No. CF0550-17 |
| | GPD Report No. 17-26505 |
| Plaintiff, | |
| v. | |
| | DECISION AND ORDER |
| | GRANTING REVOCATION OF |
| JAVON DEWITT SCALES, | PROBATION |
| DOB: 04/27/1996 | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on December 31, 2020 for Further Proceedings in the above captioned matter related to Javon Dewitt Scales' ("Defendant's") failure to abide by his probationary terms and the Adult Probation Office's First and Second Violation Reports. Defendant is represented by Assistant Public Defender Earl Anthony V. Espiritu and the People of Guam are represented by Assistant Attorney General Sean Brown. During the hearing, the Court revoked the Defendant's probation, sentenced defendant to one (1) year incarceration, and now issues this written decision memorializing its ruling.

## BACKGROUND

In October 2017, the Defendant was charged with Retail Theft (as a 3rd Degree Felony). (Indictment, Oct. 12, 2017).

Defendant posted $5,000 bail and the Probation Office imposed the following relevant conditions on his pre-trial release:

1) Do not possess, use, and/or consume any alcoholic beverages and/or illegal controlled substances.
2) Report to the Probation Office in person once per week.
3) Obey all federal and local laws of Guam.

(Order of Conditional Release and Appearance Bond, Oct. 25, 2017).

In February 2018, a violation report was filed stating that Defendant failed to refrain from possessing and/or consuming illegal controlled substances, as Defendant admitted via a signed declaration that he smoked marijuana on February 2, 2018. (First Violation Report, Feb. 21, 2018).

In March 2018, a second violation report was filed stating that Defendant failed to report weekly to the Probation Office, having last reported to the Probation Office more than two weeks ago. (Second Violation Report, Mar. 26, 2018).

In May 2018, a third violation report was filed stating that Defendant failed to obey all laws of Guam. Defendant had been arrested and charged for Burglary (as a 2nd Degree Felony) in reference to CF0229-18. (Third Violation Report, May 22, 2018).

The Defendant subsequently pled guilty to Retail Theft (as a 3rd Degree Felony), and a judgment was entered imposing the terms of the agreement: one (1) year incarceration, all but thirty (30) days suspended, to run concurrently to Defendant's sentence in CF0229-18; fine of five hundred dollars ($500.00) plus eighty dollars ($80) court costs; and a probationary term of two (2) years. (Judgment of Conviction (Plea Agreement), Dec. 20, 2018). The following relevant conditions of probation were imposed:

1) Obey all federal and local laws of Guam
2) Complete and make payments towards a Theft Prevention Program
3) Report to Client Services and Family Counseling ("CSFC") with the Superior

Court of Guam for intake and assessment

Id.

In October 2019, a violation report was filed stating that Defendant failed to obey all federal and local laws of Guam. Defendant had been arrested and charged with Burglary (as a 2nd Degree Felony) and Theft (as a 2nd Degree Felony) in Superior Court Case No. CF0334-19. (First Violation Report, Jun. 11, 2019).

In November 2020, a second violation report was filed stating that Defendant failed to make payments towards both his Court Fine and Court Costs, failed to complete and make payments towards his Theft Prevention Program, and failed to report to CSFC for intake and assessment. (Second Violation Report, Nov. 12, 2020).

The Court held a hearing for Further Proceedings in which the Court decided to revoke the Defendant's probation. (Minute Entry, Dec. 31, 2020).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a

violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id.* at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.* Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant was in violation of his probation conditions and that there was probable cause to support the violations. The Defendant was arrested, charged, and convicted for Theft (as a 2nd Degree Felony) in CF0334-19 all while he was on probation. (First Violation Report, Jun. 11, 2019). Furthermore, Defendant made no progress in paying off his Court Costs and Fines, and he both failed to complete a Theft Prevention Program and report to CSFC for intake and assessment. (Second Violation Report, Nov. 12, 2020).

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by continuously violating numerous conditions of his probation. Defendant accumulated multiple violations both while on pre-trial release and on post-trial probation. Defendant picked

up multiple criminal charges and convictions against him and failed to make any payments to date concerning his fine, court costs, or Theft Prevention Program enrollment. (Third Violation Report, May 22, 2018); (First Violation Report, Jun. 11, 2019); (Second Violation Report, Nov. 12, 2020). Furthermore, Defendant never reported to CSFC for his initial intake and assessment. (Second Violation Report, Nov. 12, 2020). Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore the court finds that revocation is in the public's best interest and satisfies the ends of justice. 9 GCA 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant, Javon Dewitt Scales' probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to one (1) year incarceration at the Department of Corrections, Mangilao. This sentence shall run concurrently with Defendant's incarceration in CF0334-19. Defendant shall be credited for any time already served in the above-captioned matter. After the completion of the Defendant's sentence the Court shall close this case.

**IT IS SO ORDERED** on this January 1**3**, 2021 *nunc pro tunc* to December 31, 2020.

_____
**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:
AG, POSC.

Date: 1/13/21 Time: 3:30 p.m.
Antonia Cruz
Deputy Clerk, Superior Court of Guam